JOHN J. WERBIANSKYJ and SANDRA K. WERBIANSKYJ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Werbianskyj v. Commissioner
Docket No. 8696-73
United States Tax Court
T.C. Memo 1975-93; 1975 Tax Ct. Memo LEXIS 277; 34 T.C.M. (CCH) 467; T.C.M. (RIA) 750093; April 7, 1975, Filed Sandra K. Werbianskyj, pro se. John B. Pohl, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $473.20 in petitioners' 1972 Federal income taxes. Due to concessions by the parties *278 the issues remaining for decision are whether the Commissioner erred in disallowing for the year in issue: (1) A portion of the charitable contributions claimed by petitioners; (2) A casualty loss claimed by the petitioners, and (3) A loss carry-over from 1971 resulting from the sale of petitioners' personal residence. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and accompanying exhibits are incorporated by reference. Petitioners, husband and wife, filed a timely joint Federal income tax return for the taxable year 1972 with the district director at Indianapolis, Indiana. Petitioners resided at Elkhart, Indiana at the time the petition was filed in this case. During 1972, petitioners purchased various products from youth groups such as Junior Achievement, the Girl Scouts, and the Boy Scouts. Petitioners classified these purchases as contributions to youth activities clubs and deducted the total amount as charitable contributions. In 1972 petitioners took their children and guests of the children to various sports events. Following the sports events, petitioners treated the children and their guests to pizza. In addition, petitioners *279 purchased school supplies for their children and other items necessary for their school or extracurricular activities. Petitioners classified the admission to the sports events, the cost of the pizza, school supplies and related items as school activities. Petitioners deducted the school activities as charitable contributions. During the taxable year in question petitioners were away from their home for a brief period. Upon their return they discovered several damaged or missing doors and windows. In 1971 petitioners traded their personal residence for a new residence. The old residence was, according to petitioner Sandra Werbianskyj's own testimony, used solely as a family dwelling. It was never used in connection with a business or a transaction entered into for profit. Petitioners deducted a portion of the loss on the exchange of their residence on their 1972 income tax return. OPINION The charitable contributions which petitioners characterized as youth activities clubs do not constitute allowable deductions. In the first place petitioners have failed to prove that all of the contributions were made to a qualifying organization under section 170(c). [1] Secondly, the claimed *280 contributions were purchases rather than donations. Since petitioners have not produced any evidence that the payment for the product was greater than the fair market value of the product, we assume that petitioners received adequate consideration in exchange for their payment. Thus, petitioners' expenditures represented purchases rather than contributions or gifts as required by section 170(c). Finally, petitioners failed to substantiate the claimed charitable contributions. The charitable contributions deduction for school activities must similarly be denied. Section 262 provides: SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses. The items in this category consist of purely personal expenditures for which no deduction is allowed in view of section 262. The disallowance of the casualty loss must also be sustained. Petitioners have not produced any evidence that the damage to their home was the result of a casualty *281 within the meaning of section 165(c)(3). Furthermore, petitioner failed to prove the amount of the alleged loss. . Thus, the casualty loss was properly disallowed. Finally, the loss on the exchange of petitioners' residence cannot be allowed. The residence was not business property. It was solely a family dwelling. Consequently, the loss is not deductible under section 165(c). See also section 262. Due to concessions made by the parties, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated all section references are to the Internal Revenue Code of 1954 as in effect in the year in issue.↩